

RECEIVED
APR 1 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| EVELYN C. ALLEN | § | NUMBER: CV04-2216-S |
| VERSUS | § | JUDGE: HICKS |
| THE KROGER COMPANY | § | MAGISTRATE JUDGE: ~~PAYNE~~ Hornsby |

## MEMORANDUM IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

### Statement of Facts

Evelyn Allen, age 75, was shopping at The Kroger Company grocery store on Youree Drive in Shreveport on October 1, 2003 at approximately 8:15 a.m. She turned right onto the frozen food aisle, walking generally from the front of the store towards the back of the store. She was pushing a grocery cart.

Evelyn Allen was walking to the left of a stocking cart that was being used to replenish goods on the frozen food aisle. The employee performing the stocking was present on the aisle and she spoke to him. The stocking cart was in the center of the aisle so customers could pass on either side. Ms. Allen wanted to look at frozen pies. As she walked she made a U-turn around the cart. Then she turned to her left. At this point she was facing the food display with the grocery stock cart behind her. Her direction of travel is indicated on Exhibit 2 of her deposition (attached). It is clear she actually walked around the cart (depo. Evelyn Allen, p. 26). As Ms. Allan described under oath, she saw the cart and "just went around it":

    A:    - - - it was just right there and I just walked around.

> Q: Okay. And when you walked around you were behind the cart?
> A: Right.
>
> Q: And you were between the cart and the frozen pie case?
> A: Right. That's correct. (Depo. Evelyn Allen, p. 28 – 29)

Ms. Allen states that she decided she was not going to get a pie, but she does not know for sure what happened next. She stated:

> A: I was fixing to come back out that way and when I turned the first thing I knew I was falling. How it happened I wish I knew.
>
> Q: Do you even know what caused you to fall?
> A: No.
>
> Q: So you don't even know if you tripped on the cart or tripped?
> A: No. (Depo. Evelyn Allen, p. 32)

Ms. Allen is not sure that she backed into the cart but knows she fell across it (depo. Evelyn Allen, p. 36 – 37). She was clear in stating that no one moved the cart (depo. Evelyn Allen, p. 37). She then reiterated that she does not know how she fell or what caused her fall and "The only thing I know is that I fell". (Depo. Evelyn Allen, p. 40)

The Kroger employee in the area, John Calkusic said Ms. Allen told him "she wasn't paying attention to the cart behind her and she backed up over it" (depo. Calkusic, p. 41) Mr. Calkusic also verified that there were warning signs on either end of the aisle where he was working stocking frozen foods (depo. Calkusic, p. 64). Though Ms. Allen did not recall seeing the warning signs she cannot say the signs were not present, only that she did not notice them (depo. Evelyn Allen, p. 23).

## LAW AND ARGUMENT

### A.     Summary Judgment Standard:

Federal Rule of Civil Procedure 56 provides that summary judgment should be rendered when the record discloses no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. In <u>Celotex v. Catrett</u>, 477 U.S. 317, (1986), the Supreme Court recognized that summary judgment is also warranted when the party opposing the motion fails to come forward with sufficient facts to establish the existence of a genuine issue as to an element essential to that party's case. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. <u>Matsuhita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986).

The party opposing the motion must do more than simply deny the allegations raised by the moving party; instead, he must come forward with competent evidence, such as depositions or affidavits, to support his claims. <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646,649 (5th Cir. 1992); <u>Lloyd v. Sears Roebuck and Company</u>, 2000 WL 1234553 (E.D. La.). If the non-moving party cannot meet that burden, summary judgment is appropriate and should be rendered. <u>Celotex</u>, supra.

### B.     Plaintiff's Burden of Proof Under La. R.S. 9:2800.6:

Because the plaintiff alleges that the tripped and fell as the result of a hazardous condition in the aisle of a Kroger grocery store, the provisions of La. R.S. 9:2800.6 control her burden of proof. Under that statute, the plaintiff must prove that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care.

The failure to prove any one of these factors defeats the plaintiff's case. Lloyd, supra; Calderon v. Dorignac's Food Center, Inc., 734 So.2d 152 (La. App. 5 Cir. 4/27/99). In this case, there is no evidence that the stocking cart presented an unreasonable risk of harm, or that Kroger failed to exercise reasonable care. Because the plaintiff cannot carry her burden under 9:2800.6, summary judgment should be rendered in favor of the defendant

**C.    The stocking cart did not present an unreasonable risk of harm:**

A "premise hazard" under R.S. 9:2800.6 is a condition which presents an unreasonable risk of harm to customers under the circumstances. Lopez v. Wal-Mart Stores, Inc., 700 So.2d 215 (La. App. 4 Cir. 1997), rehearing denied, writ denied 706 So.2d 457 (La. 1997). Where a complained of condition is open and obvious, it is not unreasonably dangerous, and the defendant has no duty to warn or protect against it. Durmon v. Billings, 873 So.2d 872 (La. App. 2 Cir. 3/12/04); Hayes v. Entergy Corp., 850 So.2d 916 (La. App. 2 Cir. 6/25/03).

In the present case, the plaintiff does not allege that the stocking cart was "defective"; rather, she claims that Kroger was negligent in placing the cart behind her and failing to warn of its presence. The plaintiff's deposition testimony, however, clearly establishes that she was aware of the presence of the cart in the aisle before her accident, having walked around it as she proceeded to the frozen pie case. She also admits that the cart was not moved between the time she passed it and the time her accident occurred.

Under such circumstances, it is obvious that the stocking cart did not present an unreasonable risk of harm to the plaintiff, or any other customer exercising reasonable care. A

similar case from the Louisiana 5th Circuit supports the defendant's position. In <u>Calderon v. Dorignac's Food Center, Inc.</u>, 734 So.2d 152 (La. App. 5th Cir. 4/27/99), an elderly customer at a supermarket fell and broke her hip when her leg stuck the corner of a stocking cart. The plaintiff—who apparently did not see the cart before falling—argued that the corner of the cart protruded into the aisle, which constituted an unreasonably dangerous condition. The jury determined otherwise, and concluded that the cart did not present an unreasonable risk of harm. In affirming the jury's verdict, the 5th Circuit writes:

> [t]he jury determined the position of the cart did not present an unreasonable risk of harm. It is evident from this ultimate finding that the jury must have found either that the cart was not protruding into the aisle or, even if it was, that it was *in plain view and should have been seen by anyone walking through the check-out aisle in time to avoid stumbling over it*. (at p. 154) (emphasis added)

Kroger submits that under the facts of the present case it is even clearer that the cart was obvious. There is no dispute that the shopping cart was plainly visible in the middle of the aisle, and that the plaintiff was aware of its presence before her accident. Simply put, a stocking cart in the center of the aisle of a grocery store is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care. See also: <u>Reed v. Home Depot, Inc.</u>, 843 So.2d 588 (La. App. 2 Cir. 4/9/03), (summary judgment was granted when plaintiff tripped over a wooden pallet in a parking lot. "A pallet does not inherently pose an unreasonable risk of harm"), and <u>Butler v. Doug's IGA</u>, 774 So.2d 1067 (La. App. 2 Cir. 12/6/00), (A 4' x 4' twelve inch high display endcap of a grocery store does not present an unreasonable risk of harm to a customer who trips because she was not paying attention. It was "an obvious condition that should have been observed by a patron using

reasonable care").[1]

Accordingly, the plaintiff cannot demonstrate that an unreasonable risk of harm was present, which is fatal to her entire cause of action.

**D.     There is no evidence that Kroger failed to exercise reasonable care:**

A merchant is required to exercise reasonable care to protect its patrons, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. Brown v. Brookshire's Grocery Co., 868 So.2d 297 (La. App. 2 Cir. 3/12/04); Harrison v. Horseshoe Entertainment, 823 So.2d 1124 (La. App. 2 Cir. 8/12/02); Hardman v. Kroger Co., App., 775 So.2d 1093 (La. App. 2 Cir. 12/6/00), rehearing denied.

Although a store has an affirmative duty to keep its premises in a safe condition, it is not the insurer of its patrons' safety, nor is it liable every time an accident occurs. Burnett v. M & E Food Mart, Inc. No. 2, 772 So.2d 393 (La. App. 3 Cir. 11/15/00), writ denied 786 So.2d 101 (La. 2001); Marshall v. Sam's Wholesale Warehouse, Inc., 626 So.2d 844 (La. App. 2 Cir. 10/27/93), writ denied 630 So.2d 796 (La. 1994).

As discussed above, the mere presence of a stocking cart in the middle of the aisle of a grocery store does not present an unreasonable risk of harm. Because of that, Kroger had no duty to warn the plaintiff of its obvious presence. Notwithstanding that absence of duty, Kroger still placed warning signs on either end of the aisle where items were being stocked from the cart. Although Ms. Allen does not recall observing the warning signs, she does not dispute that they were in fact present.

---

[1] While an unattended, unseen, empty stock cart was found by one court to be a hazard, Darby v. Brookshires Grocery Co., 851 So.2d 988 (La. App. 2d Cir. 7/30/03), this cart was not empty or unattended and it was seen by Evelyn Allen.

Again, it must be emphasized that the plaintiff has not pointed to any "defect," or traditional hazard, such as spilled debris or water from the cart. Instead, she simply claims that the cart should not have been in the aisle. Kroger has no duty to warn of the obvious (or the innocuous), and there is no evidence that Kroger failed to exercise reasonable care to keep its premises safe from an unreasonable risk of harm. Because of that, the plaintiff cannot meet this essential element of her burden of proof, either, which is fatal to her entire case.

## CONCLUSION

Summary judgment should be granted dismissing plaintiff's claims with prejudice at her costs.

Respectfully submitted,

MAYER, SMITH & ROBERTS, L.L.P.

Steven E. Soileau, Bar No. 17150
Frank K. Carroll, Bar No. 20740
1550 Creswell Avenue
Shreveport, LA 71101
(318) 222-2135 Telephone
(318) 222-6420 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on:

>Mr. Robert A. Jahnke
>Attorney at Law
>543 Stoner Avenue
>Shreveport, LA 71101

by placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereto on this 15st day of April, 2005.

>MAYER, SMITH & ROBERTS, L.L.P.
>
>_____
>Of Counsel