U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 9 2005

ROBERT H. SHEMWELL, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EVEYLN C. ALLEN | CIVIL ACTION NO. 04-2216 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| THE KROGER COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This matter is before the Court on Defendant The Kroger Company's ("Kroger") Motion for Summary Judgment (Doc. 15). Kroger moved for summary judgment on Plaintiff Evelyn C. Allen's ("Allen") claim that she is entitled to damages resulting from her October 1, 2003 fall on the premises of a Kroger store located in Shreveport, Louisiana. After reviewing the entire record, the Court finds that there are no genuine issues of material fact in dispute, and that summary judgment in favor of Kroger is proper as a matter of law.

## PROCEDURAL BACKGROUND

On October 28, 2004, Evelyn C. Allen filed a complaint (Doc. 1) in the First Judicial Court, Caddo Parish, Docket Number 488342-B, against Kroger arising out of Allen's fall on October 1, 2003 on the premises of the Kroger store located on Youree Drive in Shreveport, Louisiana. On October 28, 2004, the defendant, Kroger, filed an answer (Doc. 6), denying liability, and a notice of removal. (Doc. 3). The removal order was signed on November 1, 2004. (Doc. 7). On April 15, 2005, Kroger filed the instant motion for summary judgment on the basis that Allen's fall was not caused by the fault and/or

negligence of Kroger. (Doc. 15). Plaintiff opposes the motion for summary judgment maintaining that the placement of the grocery stocking cart, which allegedly caused Allen's fall, created an unreasonable risk of harm that was reasonably foreseeable and that Kroger failed to exercise reasonable care pursuant to Louisiana Revised Statutes 9:2800:6. (Doc. 17).

## FACTUAL BACKGROUND

Evelyn Allen, age 75, was shopping at the Kroger grocery store on Youree Drive in Shreveport on October 1, 2003 at approximately 8:15 a.m. See Doc. 17, ¶ 1. She turned right onto the frozen food aisle, pushing a grocery cart from the front of the store towards the back of the store. Id. As Allen progressed down the aisle, she walked to the left of a stocking cart. See Doc. 15, ¶ 2. The stocking cart was in the center of the aisle allowing customers to pass on either side. Id. A Kroger employee, John Calkusic ("Calkusic") was stocking on the aisle and Allen spoke to him. See Doc. 17, ¶ 3. Upon Calkusic's suggestion, Allen decided to look at some frozen pies. Id. As she walked, she made a U-turn around the cart. See Doc. 15, ¶ 2. She then turned to her left, facing the food display with the grocery stock cart behind her. Id. After looking at the pies for a short period of time, Allen backed into the cart resulting in her falling to the ground. Id. at ¶ 3.

Allen admits that she saw the cart and that she walked around it. [Allen's Deposition, Defendant's Ex. 1 at 26]. She also admits that no one moved the cart. Id. at 37. Calkusic, testified in his deposition that Allen told him "she wasn't paying attention to the cart behind her and she backed up over it." [Calkusic Deposition, Defendant's Ex. 2 at 41]. Calkusic also verified that there were warning signs on either end of the aisle where

he was working stocking frozen foods. Id. at 64. Although Allen did not recall seeing the warning signs, she cannot say the signs were not present, only that she did not notice them. [Allen Deposition, Defendant's Ex. 1 at 23].

## LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. See Liquid Air Corp., 37 F.3d at 1075. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 325. To that end, the Court must view the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th

Cir. 2001). However, the Court will not assume that the nonmoving party could or would prove the necessary facts. See Liquid Air Corp., 37 F.3d at 1075. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993); see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986). With these principles in mind, the Court now turns to a review of the claims at issue.

### B. Premises Liability

A merchant owes a duty to any person using the premises with reasonable care. Terry v. Sutherlands Lumber Co., 742 So.2d 756, 758 (La. App. 2 Cir. 9/24/99). Pursuant to Louisiana Revised Statutes 9:2800.6, when a claim is brought against a merchant because of a fall due to a condition on the premises, the plaintiff bears the burden of proving the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable; and

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

The failure to prove any one of these factors defeats the plaintiff's case. Calderone v.

Dorignac's Food Center, Inc., 734 So.2d 152, 152-53 (La. App. 5 Cir. 4/27/99). Kroger's motion for summary judgment focuses on the first and third elements referenced above. Thus, for the purposes of this motion, the Court will assume that Kroger either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence.

### 1. Unreasonable Risk of Harm

The first issue to be determined by this Court is whether the stocking cart presented an unreasonable risk of harm that was reasonably foreseeable. If a condition is open and obvious, it is not unreasonably dangerous, and the defendant has no duty to warn or protect against it. Durman v. Billings, 873 So.2d 872 (La. App. 2 Cir. 3/12/04); Hayes v. Entergy Corp., 850 So.2d 916 (La. App. 2 Cir. 6/25/03).

In Calderon, an elderly customer at a supermarket fell and broke her hip when her leg struck the corner of a stocking cart. Calderon, 734 So.2d 152. The plaintiff, who apparently did not see the cart before falling, argued that the corner of the cart protruded into the aisle, which constituted an unreasonably dangerous condition. Id. The jury determined otherwise, and concluded that the cart did not present an unreasonable risk of harm. The appellate court affirmed the verdict writing:

> [t]he jury determined the position of the cart did not present an unreasonable risk of harm. It is evident from this ultimate finding that the jury must have found either that the cart was not protruding into the aisle or, even if it was, that it was in plain view and should have been seen by anyone walking through the checkout aisle in time to avoid stumbling over it.

Id. at 154.

In this case, there is no dispute that the stocking cart was plainly visible in the middle of the aisle, and that Allen was aware of its presence before her accident. [Allen Deposition, Defendant's Ex. 1 at 26]. A stocking cart in the center of a grocery aisle is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care. See Reed v. Home Depot, Inc., 843 So.2d 588 (La. App. 2 Cir. 4/9/03) (granting summary judgment where the plaintiff tripped over a wooden pallet in a parking lot because it did not inherently pose an unreasonable risk of harm); see also Butler v. Doug's IGA, 774 So.2d 1067 (La. App. 2 Cir. 7/30/00) (holding that a 4' x 4' twelve inch high display endcap in a grocery store was "an obvious condition that should have been observed by a patron using reasonable care" and therefore, not an unreasonable risk of harm to an inattentive customer). Similarly, Allen cannot demonstrate that an unreasonable risk of harm was present, which is crucial to her cause of action.

Plaintiff cites a number of cases which are distinguishable from the case at hand. In Darby v. Brookshire Grocery Co., 851 So.2d 358 (La. App. 2 Cir. 7/30/03), plaintiff tripped on an empty stocking cart (the cart in this case contained stock) that was unattended (the cart in this case was attended by an employee), and that the plaintiff did not see before she tripped over it (Allen saw the cart and walked around it before walking backwards and failing to look where she was walking). In Terry v. Sutherlands Lumber Co., 742 So.2d 756 (La. App. 2 Cir. 9/24/99), the plaintiff tripped on an item that he did not see before he fell. In this case, Allen admits to seeing the stocking cart before she walked around it and then backed into it.

The plaintiff's other arguments are also unpersuasive. The plaintiff fails to produce sufficient evidence to support the assertion that the Kroger employee, Calkusic, placed Allen in a dangerous and precarious position. Additionally, the plaintiff fails to produce sufficient evidence to support the assertion that the Kroger employee distracted Allen and caused or contributed to her trip and fall. On the contrary, Allen admits that no one moved the cart during the time period between her walking around the cart and the occurrence that resulted in her injury. [Allen Deposition, Defendant's Ex. 1 at 37]. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Liquid Air Corp., 37 F.3d at 1075.

After consideration of all the evidence presented, the Court concludes that plaintiff has not met her burden pursuant to Louisiana Revised Statutes 9:2800.6. Allen admits that she both saw the stocking cart and walked around it. The stocking cart did not present an unreasonable risk of harm that was reasonably foreseeable. Therefore, summary judgment in favor of Kroger is appropriate as a matter of fact and law.

### 2. Reasonable Care

Although the Court has already determined that summary judgment is appropriate because the cart was not an unreasonable risk, the Court will also determine whether Kroger failed to exercise reasonable care. A merchant is required to exercise reasonable care to protect its patrons, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. Brown v. Brookshire's Grocery Co., 868 So.2d 297

(La. App. 2 Cir. 3/12/04); Harrison v. Horseshoe Entertainment, 823 So.2d 1124 (La. App. 2 Cir. 8/12/02). A store is not the insurer of its patrons' safety, nor is it liable every time an accident occurs. Burnett v. M & E Food Mart, Inc. No. 2, 772 So.2d 393 (La. App. 3 Cir. 11/15/00), writ denied 786 So.2d 101 (La. 2001). Furthermore, a store does not owe a duty to warn or protect patrons from open and obvious conditions. Durman v. Billings, 873 So.2d at 872 (La. App. 2 Cir. 3/12/04).

Allen argues that Kroger failed to exercise reasonable care based upon its failure to provide an adequate warning concerning the location of the stocking cart. As discussed above, the stocking cart in the aisle did not present an unreasonable risk of harm. Kroger therefore had no duty to warn Allen of its presence. See Durman, 873 So.2d at 872. Even though the cart was open and obvious, the evidence shows that Kroger did place warning signs on either end of the aisle in question.[1]

After consideration of the evidence presented, the Court finds that there is no evidence that Kroger failed to exercise reasonable care. Therefore, summary judgment in favor of the defendant is appropriate as a matter of fact and law.

## CONCLUSION

The Court finds that Kroger's motion for summary judgment in favor of Kroger is proper as a matter of fact and law. The Court finds that the stocking cart did not present

---

[1] Calkusic verified that there were warning signs on either end of the aisle where he was stocking frozen foods. [Calkusic Deposition, Defendant's Ex. 2 at 64; see also, Pictures of Aisle, Defendant's Ex. 3]. Although Allen did not recall seeing the warning signs, she cannot say the signs were not present, only that she did not notice them. [Allen Deposition, Defendant's Ex. 1, at 23].

an unreasonable risk of harm to Allen and furthermore that Allen has not presented any evidence that Kroger failed to exercise reasonable care. Most importantly, Allen admits that she was aware of the location of the stocking cart and walked around it prior to her fall.

Therefore:

**IT IS ORDERED** that defendant The Kroger Company's Motion for Summary Judgment (Doc. 15) shall be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Eveyln C. Allen's claims are **DISMISSED WITH PREJUDICE**.

Shreveport, Louisiana, September 8th, 2005.

/S/ Maurice Hicks/
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE